# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTHONY D. DORSEY, | |
| Plaintiff, | |
| v. | Case No. 25-2006-JAR-BGS |
| CITY OF SHAWNEE, KANSAS, et al., | |
| Defendants. | |

## MEMORANDUM AND ORDER

Plaintiff Anthony Dorsey brings a claim for malicious prosecution under 42 U.S.C. § 1983 against the City of Shawnee, Kansas and Officers Blair Whaley, FNU Soucie, and Sergeant Josh Bayless ("the Officers"). After denial of their motion to dismiss,[1] the Officers filed a Motion for Certification for Interlocutory Appeal and Stay Pursuant to 28 U.S.C. § 1292(b) (Doc. 21), seeking to appeal the qualified-immunity issue. The motion is fully briefed, and the Court is prepared to rule. For the reasons stated below, the Court denies the motion.

## I. Procedural Background

Dorsey brought a claim for malicious prosecution against the Officers in their individual and official capacities and against the City through *Monell* liability. Dorsey alleged that the Officers supplied false statements to support probable cause for a charge in a probable-cause affidavit, which a state judge relied on to detain Dorsey for forty-one days. The Defendants moved to dismiss, and the Court granted that motion in part. The Court dismissed the official-capacity claims against the Officers and the *Monell* claim against the City, leaving only the individual-capacity claims against the Officers. To those claims, the Officers raised qualified

---

[1] Doc. 18.

immunity. And focusing on an element of malicious prosecution—that "no probable cause supported the original arrest, continued confinement, or prosecution"[2]—the Officers contended that Dorsey had failed to plead a violation of clearly established law. The Court disagreed and denied qualified immunity. It did so because Dorsey had alleged that the Officers violated Dorsey's Fourth Amendment right by contributing false statements to a probable-cause affidavit containing a single charge (heroin possession) that the Officers knew was unsupported by probable cause.

The Officers resisted that conclusion by pointing out that probable cause existed for a different *uncharged* offense—methamphetamine possession. And because probable cause existed for that uncharged offense, Dorsey's continued confinement was supported by probable cause, defeating an element of the malicious-prosecution claim. The Court rejected that conclusion, relying on *Chiaverini v. City of Napoleon*.[3] That case instructs courts to evaluate "charge by charge"[4] a malicious-prosecution claim involving a probable-cause affidavit containing both valid and invalid charges. So under that analysis, the existence of probable cause for some valid charge does not categorically preclude a malicious-prosecution claim based on the invalid charge.[5] So this Court concluded that Dorsey had plausibly alleged a violation of his clearly established Fourth Amendment rights, even though probable cause may have existed for some other uncharged offense. The Court denied qualified immunity and therefore denied the rest of the Defendants' motion to dismiss.

---

[2] *Stonecipher v. Valles*, 759 F.3d 1134, 1146 (10th Cir. 2014) (internal quotation marks omitted) (quoting *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008)).

[3] 602 U.S. 556 (2024).

[4] *Id.* at 562.

[5] *Id.* at 564.

## II. Legal Standard

The Officers now seek interlocutory appeal of that qualified-immunity ruling through 28 U.S.C. § 1292(b). The court of appeals may hear appeals from all final decisions of the district courts of the United States and certain interlocutory orders involving injunctions, appointing receivers, and determining rights in admiralty cases.[6] With regard to other interlocutory orders, a district judge may certify an interlocutory order for appeal when she is of the opinion that (1) such order involves a controlling question of law; (2) a substantial ground for difference of opinion exists with respect to the question of law; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.[7] "The[se] criteria are conjunctive, not disjunctive."[8] The proponent of an interlocutory appeal bears the burden of establishing that all three of the substantive criteria are met.[9]

The district court retains "first line discretion" to determine whether to certify an interlocutory order for appeal under § 1292(b).[10] If the district court determines that certification is appropriate, "the Court of Appeals may or may not decide to permit the interlocutory appeal in its discretion."[11] In deciding whether to exercise its discretion under § 1292(b), this Court is mindful that certification is "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions

---

[6] *See* 28 U.S.C. §§ 1291, 1292(a).

[7] *See id.* § 1292(b).

[8] *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000).

[9] *See In re Facebook, Inc., IPO Secs. & Derivative Litig.*, 986 F. Supp. 2d 524, 529 (S.D.N.Y. 2014).

[10] *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995).

[11] *Nat'l Credit Union Admin. Bd. v. Morgan Stanley & Co.*, No. 13-2418, 2015 WL 4463645, at *4 (D. Kan. July 21, 2015).

encountered early in the action,"[12] and that "there is a long-established policy preference in the federal courts disfavoring piecemeal appeals."[13]  "[I]nterlocutory appeals are not appropriate to 'merely . . . provide review of difficult rulings in hard cases.'"[14]

## III. Discussion

The Officers ask the Court to certify the qualified-immunity issue for interlocutory appeal.  It identifies this specific question for certification: whether it is clearly established that the Supreme Court's charge-by-charge analysis for Fourth Amendment malicious-prosecution claims applies to probable-cause affidavits bringing only a single invalid charge.  Even assuming that interlocutory review of that question satisfies the first and third requirements for certification, it fails the second—that a substantial ground for disagreement exists.

The Officers, as the advocates for certification, bear the burden to show that a substantial ground for disagreement exists as to whether it is clearly established that *Chiaverini*'s charge-by-charge analysis applies to single-charge affidavits.  They do not shoulder that burden.  The Officers acknowledge that *Chiaverini* instructs courts to evaluate malicious-prosecution claims "charge by charge" when "a baseless charge is accompanied by a valid charge" in a probable-cause affidavit."[15]   And the Officers do not contest the Court's rationale for that holding.  The

---

[12] *Utah v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994) (citation omitted); *see also Donahue v. Kan. Bd. of Educ.*, No. 18-2012, 2018 WL 5283877, at *1 (D. Kan. Aug. 1, 2018) (stating that § 1292(b) "should only be used 'in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation.'" (quoting *Pro. Serv. Indus., Inc. v. Kimbrell*, 841 F. Supp. 358, 363 (D. Kan. 1993))).

[13] *Conrad v. Phone Directories Co.*, 585 F.3d 1376, 1382 (10th Cir. 2009) (citing *Pimentel & Sons Guitar Makers, Inc. v. Pimentel*, 477 F.3d 1151, 1153 (10th Cir. 2007)); *see also Moore v. Kobach*, No. 18-2329, 2019 WL 4228415, at *2 (D. Kan. Sept. 5, 2019) ("[T]he 'Tenth Circuit[] [has] demonstrated reluctance to accept cases for interlocutory appeal except in the rarest of circumstances.'" (quoting *Etienne v. Wolverine Tube, Inc.*, 15 F. Supp. 2d 1060, 1062 (D. Kan. 1998))); *Turner v. Chipotle Mexican Grill, Inc.*, No. 14-cv-2612, 2015 WL 5579579, at *1 (D. Colo. Sept. 23, 2015) ("It is axiomatic that interlocutory appeals are disfavored and should be granted only in narrowly defined circumstances set forth in the statute.").

[14] *Park v. Trican Well Serv., L.P.*, No. CIV-15-515, 2015 WL 6160272, at *2 (W.D. Okla. Oct. 20, 2015) (quoting *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)).

[15] *Chiaverini v. City of Napoleon*, 602 U.S. 556, 562 (2024).

Court explained that the gravamen of a malicious-prosecution claim is "an arrest and detention of a person based on a criminal charge lacking probable cause."[16] That violation remains, the Court explained, *even if* the affidavit included a valid charge, because "[t]he inclusion of the baseless charge—though brought along with a good charge—has . . . caused a constitutional violation."[17] From that premise, the Court concluded that "the bringing of one valid charge in a criminal proceeding should not categorically preclude a claim based on the Fourth Amendment."[18]

Fine, say the Officers—but *Chiaverini*'s instruction does not clearly establish a Fourth Amendment violation when authorities *fail to bring* the valid charge, leaving a probable-cause affidavit containing only an invalid charge. The Court rejects the Officers' cramped reading of *Chiaverini*. In their reading, *Chiaverini* would clearly establish a Fourth Amendment violation for the invalid charge *even if* the probable-cause affidavit included a valid charge, but it would not clearly establish a Fourth Amendment violation for the invalid charge *so long as* the probable-cause affidavit omits the valid charge. Fair enough that the Officers have identified a distinction between *Chiaverini* and this case—the omission of the valid charge from the probable-cause affidavit. But whatever the extent of *Chiaverini*'s holding, it clearly establishes—several times over—at least this much: "if an invalid charge . . . causes a detention either to start or to continue, then the Fourth Amendment is violated."[19] It is beyond clear that Dorsey alleged that an invalid charge caused his detention to start.

---

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.* at 563; *id.* at 558 ("To succeed on [a malicious-prosecution] claim, a plaintiff must show that a government official charged him without probable cause . . . ."); *id.* at 562 (explaining that a malicious-prosecution claim challenges "an arrest and detention of a person based on a criminal charge lacking probable cause"); *id.* at 564 ("One bad charge . . . was enough to satisfy the malicious-prosecution tort's 'without probable cause' element.").

The Officers muddy those clear waters by citing cases that reach different conclusions on the charge-by-charge analysis. This diversity, the Officers argue, shows a substantial ground of disagreement on whether *Chiaverini*'s charge-by-charge analysis applies here. The cases do reach different conclusions. But those cases date from before *Chiaverini* settled the issue.[20] They cite, for example, several pre-*Chiaverini* decisions from the Tenth Circuit that left open the issue whether probable cause for some other offense spoiled a malicious-prosecution claim for at least the invalid charge.[21] And they cite another pre-*Chiaverini* case from the Fifth Circuit holding that the law did not clearly establish that the existence of probable cause for an uncharged offense defeats a malicious-prosecution claim for a charged offense without probable cause.[22] But whatever those cases said before *Chiaverini* settled the issue is irrelevant; they do not show a substantial ground for disagreement on what exactly *Chiaverini* clearly established.

The Officers' final point is a veiled criticism of the Court's reliance on *Chiaverini* at all. They point out that Dorsey did not cite *Chiaverini*, so (presumably) the Court should not have relied on it either.[23] But though the Court cannot raise new issues,[24] the Court is not restricted to

---

[20] The Officers even acknowledge this: "[t]hese cases underscore that prior to *Chiaverini*, courts across circuits—and within the Tenth Circuit—were divided or noncommittal on the validity of the any-crime rule." Doc. 22 at 8. (The any-crime rule is the converse of the charge-by-charge analysis: so long as probable cause existed for any crime, a malicious-prosecution claim is not viable; *Chiaverini* rejected that rule in favor of a charge-by-charge analysis, *see Chiaverini*, 602 U.S. at 564). The Court appreciates that the Officers contend that *Chiaverini* does not apply to the facts of this case, but for the reasons already explained, the Court rejects that argument.

[21] *See Montoya v. City and County of Denver*, No. 21-1107, 2022 WL 1837828, at *6–7 (10th Cir. June 3, 2022) (declining to consider issue because appellant waived it); *Bickford v. Hensley*, 832 F. App'x 549, 556 n.5 (10th Cir. 2020) (avoiding issue because no probable cause existed for any offense, charged or uncharged).

[22] *Arizmendi v. Gabbert*, 919 F.3d 891, 904 (5th Cir. 2019).

[23] The Officers also bemoan that *Chiaverini* itself could not clearly establish the violation for this case because it was decided "one month prior to the incident at issue in this case." Doc. 22 at 1. That quibble misunderstands the Court's task to ascertain "whether that law was clearly established *at the time of the alleged violation*." *Cox v. Glanz*, 800 F.3d 1231 (10th Cir. 2015) (emphasis added) (internal quotation marks omitted) (quoting *Roosevelt-Hennix v. Prickett*, 717 F.3d 751, 753 (10th Cir. 2013)).

[24] *United States v. Cortez-Nieto*, 43 F.4th 1034, 1052 (10th Cir. 2022) ("The party-presentation principle . . . restricts courts from *raising* new issues." (citing *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020))).

the cases cited by the parties.[25] The Officers raised the issue of qualified immunity and argued that their actions did not violate clearly established law because probable cause existed for an uncharged offense. That issue being before the Court, the Court was not limited to the particular cases cited by the parties.[26]

The Officers have not met their burden to show a substantial ground for disagreement on the qualified-immunity issue. The Court therefore denies their motion to certify that issue for appeal. And that motion being denied, the Officers' request for a stay is moot.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion for Certification for Interlocutory Appeal and Stay Pursuant to 28 U.S.C. § 1292(b) (Doc. 21) is **denied.**

**IT IS SO ORDERED.**

Dated: June 18, 2025

                                                    S/ Julie A. Robinson
                                                    JULIE A. ROBINSON
                                                    UNITED STATES DISTRICT JUDGE

---

[25] *See Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991) ("When an issue . . . is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law.").

[26] *See Cortez v. McCauley*, 478 F.3d 1108, 1122 (10th Cir. 2007) (explaining that a court is "not restricted to the cases cited by [a plaintiff]," even though a plaintiff "should cite to what constitutes clearly established law" (citing *Elder v. Holloway*, 510 U.S. 510, 513–14 (1994))).