UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY D. DORSEY,

    Plaintiff,

    v.

POLICE OFFICER SOUCIE, ET AL.,

    Defendants.

Case No. 25-CV-2006-JAR-BGS

**MEMORANDUM & ORDER ON**
**DEFENDANTS' MOTION TO FILE ANSWER OUT OF TIME**

NOW BEFORE THE COURT is Defendants' Motion for Leave to File Answer Out of Time. (Doc. 84.) Defendants contend that as the result of an oversight, they did not file a formal answer to Plaintiff's Amended Complaint (Doc. 66) after it was filed and subsequently unsealed. (*Id.*) Plaintiff has responded in opposition to the motion (Doc. 86) and Defendants have replied (Doc. 88). For the reasons set forth herein, Defendants' motion is **GRANTED**.[1]

**FACTUAL BACKGROUND**

The present lawsuit was filed on January 3, 2025, bringing a claim for malicious prosecution under 42 U.S.C. § 1983 against Officers Soucie, Whaley, and Bayless is in their individual capacities. (*See generally* Doc. 1.) As discussed below, claims against the City of Shawnee, Kansas and the officers in their official capacities have been dismissed by the District Court. (Doc. 18.) Plaintiff alleges false statements and omissions are contained in an affidavit to support probable cause to charge him with possession of heroin. The affidavit in question was presented to a Johnson County Magistrate Judge after being prepared by Defendant Sgt. Bayless and based upon police reports and field tests

---

[1] Also pending before the Court is Plaintiff's Motion to continue the deadline to submit the parties' proposed Pretrial Order. (Doc. 89.) Therein, Plaintiff generally argues that it will be difficult to draft the Pretrial Order while issues surrounding Defendants' ability to answer out of time are pending. Because the Court grants Defendants' request to answer out of time, Plaintiff's motion (Doc. 89) is **DENIED as moot**.

performed by Defendant Officers Soucie and Whaley. Plaintiff contends the affidavit was made with reckless and deliberate disregard for the truth and resulted in his incarceration and prosecution without probable cause. (Doc. 1.)

On February 18, 2025, in response to Plaintiff's Complaint, Defendants filed a Motion to Dismiss. (Doc. 7.) Then on February 28, 2025, Defendants filed a Motion to Stay Discovery pending the District Court's resolution of their dispositive motion (Doc. 14), which was granted by the undersigned (Doc. 17). The Court notes that Plaintiff did not oppose the requested stay of discovery.

The District Court ultimately granted in part and denied in Defendant's dispositive motion on April 16, 2025. (Doc. 18). Defendants' subsequent request for an interlocutory appeal on the issue of the potential qualified immunity of the individual Defendants (Doc. 21) was denied by the District Court on June 18, 2025. (Doc. 26.) Thereafter, the undersigned entered a Scheduling Order on July 31, 2025. (Doc. 34.)

Plaintiff moved for leave to amend his Complaint on October 9, 2026, with the proposed motion to amend provisionally filed under seal. (Docs. 62, 63.) Defendants did not oppose the amendment. The undersigned subsequently entered two orders – the first was an order unsealing the proposed pleading (Doc. 64) with the second being an order granting the motion to amend and directing that the Amended Complaint be filed (Doc. 65). The Amended Complaint was then filed on October 14, 2026. (Doc. 66.) Interestingly, Defendant Soucie was deposed on the day Defendants' answer to the Amended Complaint would have been due. (*See* Doc. 47.)

Defendants indicate that because of the nature of the previously sealed filing, a file-stamped copy of the Amended Complaint remains unavailable to them.[2] (*See* Doc. 84, at 2, Doc. 84-1.) Defendants concede, however, that they failed to file a formal Answer to the Complaint

---

[2] The Court has alerted the Clerk's Office of this issue and it is in the process of being resolved.

Despite no formal Answer being filed, this litigation progressed in accordance with the Scheduling Order. The parties continued to conduct written discovery and conducted depositions of fact and expert witnesses. The parties even participated in a mediation on January 7, 2026. (Doc. 83.) Pursuant to the original deadline in the Scheduling Order, discovery closed on February 5, 2026. (Doc. 34.) At no point did either party argue that the case was being delayed in a way that would necessitate extending the discovery deadline (or any other deadlines in this case).

In preparation of a draft Pretrial Order, the parties conferred on February 5, 2026. More than a week later, on February 13, 2026, Plaintiff's counsel contacted defense counsel to state that Plaintiff intended to seek default judgment against Defendants because no answer had been filed and that Plaintiff would object to Defendants answering out of time. Following the filing of the present motion, Plaintiff has applied for clerks entry of default. (Doc. 85.)

The Pretrial Conference is currently scheduled for March 17, 2026. (Doc. 34.) The Court notes that Plaintiff has filed a motion to continue the submission deadline for the draft Pretrial Order, which is pending before the undersigned. (Doc. 89.)

It is uncontested that Defendants technically have been in default since May 1, 2025, which is 14 days after the Court Order denying the Motion to Dismiss. *See* Fed. R. Civ. P. 12(a)(4)(A). Even though Defendants have been in default, Plaintiff has continued to litigate the case and does not appear to have become aware of Defendants' failure to file an answer until after the close of discovery.

**ANALYSIS**

Pursuant to Fed. R. Civ. P. 6(b)(1)(B), a court may excuse a party's failure to act within a specified time "if the party failed to act because of excusable neglect." *see also Hall v. Life Care Centers of America, Inc.*, No. 16-2729-JTM-KGG, 2018 WL 2035966, at *1 (D. Kan. May 1, 2018) (citing Fed. R. Civ. P. 6(b)(1)(B)). A court looks at the following factors to determine whether the failure to act was the result of excusable neglect: "(1) the danger of prejudice to the [nonmoving party], (2) the

3

length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1493, 123 L.Ed.2d 74 (1993)); *see also Hall*, 2018 WL 2035966, at *1 (citation omitted).

"The reason for the delay in filing the answer is an important, if not the most important, factor in this analysis." *Scott v. Power Plant Maint. Specialists, Inc.*, No. 09-2591, 2010 WL 1881058, at *4 (D. Kan. May 10, 2010) (citation omitted). "The decision to permit the late filing of a pleading lies within the court's discretion, and 'the preferred disposition of any case is upon its merits and not by default judgment.'" *Claimsolution, Inc. v. Claim Solutions, LLC*, No. 17-2005-JWL-GEB, 2017 WL 2225225, at *2 (D. Kan. May 22, 2017) (internal citation omitted).

Here, the factors weigh in favor of finding excusable neglect by Defendants and granting them leave to answer out of time.

Defendants argue that the "omission [of an Answer] resulted from counsel's oversight and confusion during the transition from a sealed to an unsealed pleading." (Doc. 84, at 2.) Defendants continue that at the time of this transition,

> it was unclear to Defendants whether an Amended Complaint had actually been filed or whether the proposed pleading was simply unsealed. Defendants' counsel neglected to check the docket to determine whether the Amended Complaint had in fact been filed. The docket entry for the Amended Complaint [Doc. 66] further confused the issue as it indicates the document remains sealed. See [Doc. 84-1.] The failure to file was not intentional or strategic, but the product of counsel's oversight.

(Doc. 84, at 2-3.)

Defendants argue that Plaintiff will not be prejudiced because Plaintiff's counsel failed to "raise the absence of a formal answer" while conducting discovery for "more than a year following the filing of the initial Complaint … ." (*Id.*, at 4.) Defendants acknowledge the length of the delay in

4

answering but correctly assert that this had no impact on the case proceeding. (*Id.*, at 5.) They contend the failure to answer was not the result of willful disregard or lack of good faith as evidenced by their active litigation of this case. (*Id.*, at 5-6.)

Throughout the discovery phase, Defendants have "consistently disputed liability and have asserted substantive defenses throughout discovery and case preparation" – and this discovery, including written discovery requests as well as depositions, has addressed Defendants' defenses such as qualified immunity. (*Id.*, at 6.) There is no indication that the failure to answer was intended to create some type of tactical advantage for Defendants.

On the other hand, Plaintiff correctly points out that Defendants' motion to dismiss and corresponding requested stay did, technically, delay the proceedings. That stated, the issue before the Court is whether the lack of an Answer after the District Court decided the dispositive motion delayed the case, <u>not</u> whether the preceding dispositive motion delayed the case. Clearly, Defendants' failure to Answer did not inhibit the timing of the case as discovery proceeded in a timely fashion and the parties were able to conclude discovery in accordance with the original discovery deadline set in the Scheduling Order. The Court again notes that Plaintiff voiced no objection to the stay Defendants requested during the pendency of their dispositive motion. (*See* Doc. 17, text Order.)

Plaintiff also argues that the dispositive motion "contained additional factual contentions concerning the Officers' beliefs [as to the field drug test results at issue] which were misleading given their current position." (Doc. 86, at 6.) Plaintiff thus argues that Defendants have "gained a tactical advantage by delaying to answer either the original Complaint or Amended Complaint by keeping Plaintiff unsure of the position they will pursue at trial until a pretrial order to be entered next month." (*Id.*)

Defendants reply, however, that their contentions are consistent with the facts and information they have consistently presented during the discovery process. (Doc. 88, at 1-2.) More

specifically, Defendants point to the body camera recording, Defendant Soucie's interrogatory responses served on September 15, 2025, and Defendant Soucie's deposition testimony from October 28, 2026, which, according to Defendants, "squarely disputed Plaintiff's allegation" regarding the test results. (*Id.*, at 2.) Nothing in Plaintiff's response to Defendant's motion substantively contradicts this. (*See generally* Doc. 86.)

Defendants thus argue that "[e]ven assuming a formal answer would have alerted Plaintiff to Defendants' position, Plaintiff was placed on notice on three separate occasions in September and October 2025 that Plaintiff's characterization of the field test results and Soucie's interpretation were at issue." (Doc. 88, at 1.) The Court agrees that Plaintiff was on notice of Defendants' position on this issue thus the failure to answer caused "no tactical concealment or surprise."

Further, the Court is satisfied that Defendants' mistake was the result of an administrative error. Courts in this District have held that this is a valid basis to find excusable neglect. *See e.g. Hall*, 2018 WL 2035966, at *2 (granting a motion to file out of time that was the result of an "administrative error" and the fact that "counsel mistakenly overlooked the deadline").

As such, Defendants' motion is **GRANTED**. The Answer shall be filed, in the form attached to Defendants' motion, on or before **February \_\_, 2026**.

As discussed in n.1, *supra*, Plaintiff's motion (Doc. 89) is **DENIED as moot**.

**IT IS SO ORDERED**.

Dated February 24, 2026, at Wichita, Kansas.

/s/Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge